UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

GLENN HAUGHTON,

Plaintiff,

vs.

WEST BAY RECOVERY, INC., and
BRYAN THOMAS, alias,

Defendants.

CA 06 09 S

______________________

**Jury Trial Requested**

---

## COMPLAINT

### Introduction

1. The Plaintiff, an individual consumer, has brought this action alleging the Defendants made false and misleading representations while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, and costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees, punitive damages and injunctive relief under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a), and supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because all of the parties are residents of this District and the conduct complained of took place in this District.

## Parties

5. Plaintiff Glenn Haughton is a natural person residing in the City of Cranston, County of Providence, State of Rhode Island.

6. The Defendant West Bay Recovery, Inc. (West Bay), is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business in the Town of North Kingstown, County of Washington, State of Rhode Island.

7. The Defendant Byran Thomas (Thomas), alias, on information and belief is a natural person residing in the Town of North Kingstown, County of Washington, State of Rhode Island.

## Facts Common To All Counts

8. The Defendant West Bay is engaged in the business of regularly collecting debts, originally owned to third parties, using the mails and telephone in this state.

9. The Defendant West Bay is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. The Defendant Byran Thomas, alias, was employed by the Defendant West Bay as a debt collector at all times relevant to this Complaint.

11. The Defendant Bryan Thomas was at all times relevant to this Complaint a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. From the summer of 2005 through December 2005, the Defendant Thomas had numerous telephone conversations with the Plaintiff while acting as a debt collector attempting to collect an alleged debt from the Plaintiff. Hereinafter those conversations shall be referred to as the "telephone conversations."

13. The Plaintiff incurred the alleged debt that gave rise to the telephone conversations by purchasing goods primarily for his personal, family or household purposes.

## Count 1 – Federal FDCPA – False Representation Regarding Attorney

14. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

15. During one or more of the telephone conversations the Defendant Thomas represented to the Plaintiff that he was employed by an attorney and/or acting on behalf of an attorney.

16. The Plaintiff reasonably believed the representations and relied upon them to his detriment.

17. The representations were false.

18. The Defendant Thomas was acting within the scope of his employment by the Defendant West Bay when he made the representations.

19. The Defendant Thomas was acting in furtherance of the business interests of the Defendant West Bay when he made the representations.

20. The Defendant West Bay was aware of the representations.

21. The Defendant West Bay did not discipline the Defendant Thomas for the representations.

22. It was the Defendant West Bay's regular practice to allow the Defendant Thomas to make such representations to debtors.

23. It was the Defendant West Bay's practice to encourage the Defendant Thomas to make such representations to debtors.

24. The Defendant West Bay did not have or enforce policies and procedures to prevent its employees from making such representations.

25. The Defendants' conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(e)(3).

26. As a result of the representations made in the telephone conversations, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendants, jointly and severally, for his actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 2 – Federal FDCPA – Using a False Name**

27. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

28. During one or more of the telephone conversations the Defendant Thomas represented to the Plaintiff that he (the Plaintiff) was dealing with a law firm.

29. The Plaintiff reasonably believed the representations and relied upon them to his detriment.

30. The representations were false.

31. The Defendant Thomas was acting within the scope of his employment by the Defendant West Bay when he made the representations.

32. The Defendant Thomas was acting in furtherance of the business interests of the Defendant West Bay when he made the representations.

33. The Defendant West Bay was aware of the representations.

34. The Defendant West Bay did not discipline the Defendant Thomas for the representations.

35. It was the Defendant West Bay's regular practice to allow the Defendant Thomas to make such representations to debtors.

36. It was the Defendant West Bay's practice to encourage the Defendant Thomas to make such representations to debtors.

37. The Defendant West Bay did not have or enforce policies and procedures to prevent its employees from making such representations.

38. The Defendants' conduct as described in this complaint violated the following section of the FDCPA: 28 USC 1692(e)(14)

39. As a result of the representations made in the telephone conversations, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendants, jointly and severally, for his actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 3 – Federal FDCPA – False Representation Regarding Original Creditor**

40. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

41. During one or more of the telephone conversations the Defendant Thomas represented to the Plaintiff that the original creditor on the alleged debt, Aspire, had to approve any compromise of the debt.

42. The Plaintiff reasonably believed the representations and relied upon them to his detriment.

43. The representations were false.

44. The Defendant Thomas was acting within the scope of his employment by the Defendant West Bay when he made the representations.

45. The Defendant Thomas was acting in furtherance of the business interests of the Defendant West Bay when he made the representations.

46. The Defendant West Bay was aware of the representations.

47. The Defendant West Bay did not discipline the Defendant Thomas for the representations.

48. It was the Defendant West Bay's regular practice to allow the Defendant Thomas to make such representations to debtors.

49. It was the Defendant West Bay's practice to encourage the Defendant Thomas to make such representations to debtors.

50. The Defendant West Bay did not have or enforce policies and procedures to prevent its employees from making such representations.

51. The Defendants' conduct as described in this complaint violated the following section of the FDCPA: 28 USC 1692(e)(2)(A)

52. As a result of the representations made in the telephone conversations, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendants, jointly and severally, for his actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 4 – Federal FDCPA – False Representations To Obtain Information**

53. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

54. During one or more of the telephone conversations the Defendant Thomas represented to the Plaintiff that the original creditor on the alleged debt, Aspire, required the Plaintiff to disclose his employer in order for it to consider compromising the debt.

55. The Plaintiff reasonably believed the representations and relied upon them to his detriment.

56. The representations were false.

57. The Defendant Thomas was acting within the scope of his employment by the Defendant West Bay when he made the representations.

58. The Defendant Thomas was acting in furtherance of the business interests of the Defendant West Bay when he made the representations.

59. The Defendant West Bay was aware of the representations.

60. The Defendant West Bay did not discipline the Defendant Thomas for the representations.

61. It was the Defendant West Bay's regular practice to allow the Defendant Thomas to make such representations to debtors.

62. It was the Defendant West Bay's practice to encourage the Defendant Thomas to make such representations to debtors.

63. The Defendant West Bay did not have or enforce policies and procedures to prevent its employees from making such representations.

64. The Defendants' conduct as described in this complaint violated the following section of the FDCPA: 28 USC 1691(e)(10)

65. As a result of the representations made in the telephone conversations, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendants, jointly and severally, for his actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 5 – State DTPA – False Representation Regarding Attorney**

66. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

67. During one or more of the telephone conversations the Defendant Thomas represented to the Plaintiff that he was employed by an attorney and/or acting on behalf of an attorney.

68. The Plaintiff reasonably believed the representations and relied upon them to his detriment.

69. The representations were false.

70. The Defendant Thomas was acting within the scope of his employment by the Defendant West Bay when he made the representations.

71. The Defendant Thomas was acting in furtherance of the business interests of the Defendant West Bay when he made the representations.

72. The Defendant West Bay was aware of the representations.

73. The Defendant West Bay did not discipline the Defendant Thomas for the representations.

74. It was the Defendant West Bay's regular practice to allow the Defendant Thomas to make such representations to debtors.

75. It was the Defendant West Bay's practice to encourage the Defendant Thomas to make such representations to debtors.

76. The Defendant West Bay did not have or enforce policies and procedures to prevent its employees from making such representations.

77. The Defendants conduct as described in this Count constituted "unfair or deceptive acts or practices" as that term is defined in the DTPA at RIGL 6-13.1-1(5)(i), (ii), (xii), and (xiv).

78. Such conduct is prohibited by the DTPA at RIGL 6-13.1-2.

79. The Defendant Thomas's conduct was deliberate and outrageous.

80. The Defendant West Bay's conduct was deliberate and outrageous.

81. As a result of the representations made in the telephone conversations, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore**, the Plaintiff requests judgment against the Defendants, jointly and severally, for his actual damages pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount of $200 pursuant; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendants from engaging in the wrongful conduct in the future; and 4) such other relief as the Court may deem just and appropriate.

**Count 6 – State DTPA – Using a False Name**

82. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

83. During one or more of the telephone conversations the Defendant Thomas represented to the Plaintiff that he (the Plaintiff) was dealing with a law firm.

84. The Plaintiff reasonably believed the representations and relied upon them to his detriment.

85. The representations were false.

86. The Defendant Thomas was acting within the scope of his employment by the Defendant West Bay when he made the representations.

87. The Defendant Thomas was acting in furtherance of the business interests of the Defendant West Bay when he made the representations.

88. The Defendant West Bay was aware of the representations.

89. The Defendant West Bay did not discipline the Defendant Thomas for the representations.

90. It was the Defendant West Bay's regular practice to allow the Defendant Thomas to make such representations to debtors.

91. It was the Defendant West Bay's practice to encourage the Defendant Thomas to make such representations to debtors.

92. The Defendant West Bay did not have or enforce policies and procedures to prevent its employees from making such representations.

93. The Defendants conduct as described in this Count constituted "unfair or deceptive acts or practices" as that term is defined in the DTPA at RIGL 6-13.1-1(5)(i), (ii), (xii), and (xiv).

94. Such conduct is prohibited by the DTPA at RIGL 6-13.1-2.

95. The Defendant Thomas's conduct was deliberate and outrageous.

96. The Defendant West Bay's conduct was deliberate and outrageous.

97. As a result of the representations made in the telephone conversations, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore**, the Plaintiff requests judgment against the Defendants, jointly and severally, for his actual damages pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount of $200 pursuant; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendants from engaging in the wrongful conduct in the future; and 4) such other relief as the Court may deem just and appropriate.

**Count 7 – State DTPA – False Representation Regarding Original Creditor**

98. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

99. During one or more of the telephone conversations the Defendant Thomas represented to the Plaintiff that the original creditor on the alleged debt, Aspire, had to approve any compromise of the debt.

100. The Plaintiff reasonably believed the representations and relied upon them to his detriment.

101. The representations were false.

102. The Defendant Thomas was acting within the scope of his employment by the Defendant West Bay when he made the representations.

103. The Defendant Thomas was acting in furtherance of the business interests of the Defendant West Bay when he made the representations.

104. The Defendant West Bay was aware of the representations.

105. The Defendant West Bay did not discipline the Defendant Thomas for the representations.

106. It was the Defendant West Bay's regular practice to allow the Defendant Thomas to make such representations to debtors.

107. It was the Defendant West Bay's practice to encourage the Defendant Thomas to make such representations to debtors.

108. The Defendant West Bay did not have or enforce policies and procedures to prevent its employees from making such representations.

109. The Defendants conduct as described in this Count constituted "unfair or deceptive acts or practices" as that term is defined in the DTPA at RIGL 6-13.1-1(5) (xii) and (xiv).

110. Such conduct is prohibited by the DTPA at RIGL 6-13.1-2.

111. The Defendant Thomas's conduct was deliberate and outrageous.

112. The Defendant West Bay's conduct was deliberate and outrageous.

113. As a result of the representations made in the telephone conversations, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore**, the Plaintiff requests judgment against the Defendants, jointly and severally, for his actual damages pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount of $200 pursuant; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendants from engaging in the wrongful conduct in the future; and 4) such other relief as the Court may deem just and appropriate.

**Count 8 – State DTPA – False Representations To Obtain Information**

114. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

115. During one or more of the telephone conversations the Defendant Thomas represented to the Plaintiff that the original creditor on the alleged debt, Aspire, required the Plaintiff to disclose his employer in order to consider compromising the debt.

116. The Plaintiff reasonably believed the representations and relied upon them to his detriment.

117. The representations were false.

118. The Defendant Thomas was acting within the scope of his employment by the Defendant West Bay when he made the representations.

119. The Defendant Thomas was acting in furtherance of the business interests of the Defendant West Bay when he made the representations.

120. The Defendant West Bay was aware of the representations.

121. The Defendant West Bay did not discipline the Defendant Thomas for the representations.

122. It was the Defendant West Bay's regular practice to allow the Defendant Thomas to make such representations to debtors.

123. It was the Defendant West Bay's practice to encourage the Defendant Thomas to make such representations to debtors.

124. The Defendant West Bay did not have or enforce policies and procedures to prevent its employees from making such representations.

125. The Defendants conduct as described in this Count constituted "unfair or deceptive acts or practices" as that term is defined in the DTPA at RIGL 6-13.1-1(5) (xii) and (xiv).

126. Such conduct is prohibited by the DTPA at RIGL 6-13.1-2.

127. The Defendant Thomas's conduct was deliberate and outrageous.

128. The Defendant West Bay's conduct was deliberate and outrageous.

129. As a result of the representations made in the telephone conversations, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore**, the Plaintiff requests judgment against the Defendants, jointly and severally, for his actual damages pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount of $200 pursuant; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendants from engaging in the wrongful conduct in the future; and 4) such other relief as the Court may deem just and appropriate.

Glenn Haughton,
by his Attorney,

John T. Longo, Esq./#4928

681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

**Jury Demand**

The Plaintiff request a trial by jury for each and every count for which one is available.

**Verification**

I hereby affirm and certify that the facts and allegations contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Glenn Haughton